McCADDEN & McELWEE et al. v. DAVID PENDER et al.

*Pleading—Misjoinder of Parties and Cause of Action—Complaint—Cause of Action.*

Upon the allegations of the complaint as set out in the record: *Held,* that there is no misjoinder of action and that a cause of action is stated in the complaint.

CIVIL ACTION, heard on complaint and demurrer before *Graves, J.,* at Spring Term, 1894, of EDGECOMBE Superior Court.

The complaint was as follows:

" 1. That on the 17th day of November, 1891, judgments were rendered before R. A. Watson, a Justice of the Peace in and for the State and county aforesaid, against the defendant D. Pender, trading as D. Pender & Co., for goods, wares and merchandise sold and delivered, and in favor of the plaintiffs, as follows: In favor of the plaintiffs McCadden & McElwee for the sum of $42.90, and $1.15 costs; J. W. Old & Co. for $77.05, and $1.15 costs; M. L. Strauss & Sons for $50.70, and $1.15 costs; Foster, Knight & Co., two judgments, one for $138.65 and for $83, and $1.15 costs in each case; that each of said judgments were thereafter duly docketed in the Superior Court of said county, and executions issued thereon to the Sheriff of said county, by whom the same were returned wholly unsatisfied.

" 2. That the plaintiffs E. Austen Jenkins and Robert H. Jenkins, partners, trading as Edward Jenkins & Son, sold and delivered to the defendant D. Pender, trading as D. Pender & Co., goods, wares and merchandise, during the fall of 1891, of the value of $119.36, for which he promised to pay.

" 3. That on the 21st day of September, 1891, the defendant D. Pender, trading as D. Pender & Co., made conditional sale of his stock of goods, wares and merchandise at

Old Sparta, N. C., and in the purchase of which the above debts were contracted, to one W. R. Ricks in consideration of $2,300 due the said Ricks by the firm of Pender & Cotten to go as a cash payment on said purchase, and three notes for $500 each, and one note for $200 to be accepted for the balance of said purchase-price, the title to the said stock of goods to be retained to the said D. Pender & Co. until said notes were fully paid.

" 4. That thereafter the said three notes for $500 each were assigned to the defendants Ida L. Bryan, Zilphia Killebrew and Henry Pender, and the note for $200 to Henry Pender, in each instance as collateral security for debts claimed to be due said parties by the firm of Pender & Cotten. That the sum of $250 has been paid by the said Ricks upon the note held by the said Ida L. Bryan, but the balance due upon the note aforesaid, and the whole of the other of said notes, as plaintiffs are informed, remain unpaid.

" 5. That, as plaintiffs are informed and believe, and so allege, the defendant D. Pender, trading as D. Pender & Co., during the year 1891, removed several thousand dollars worth of his stock of goods from his store at Old Sparta to the town of Tarboro and into the store then occupied by Pender, Hargrove & Cotten, and during the year sold the same and applied the proceeds of said sales to the payments of debts due by Pender & Cotten.

" 6. That A. J. Cotten, who with the defendant D. Pender composed the firm of Pender & Cotten, died in July, 1890, and the defendant M. E. Cotten was duly qualified as the administratrix of his estate; that the defendant D. Pender has since then continued as surviving partner of said firm in the management and closing up of its affairs.

" 7. That on the __ day of November, 1891, the defendant D. Pender, as surviving partner of Pender & Cotten, and as a member of the firm of Pender, Hargrove & Cotten, executed an assignment to the defendants J. L. Bridgers and

Fred. Philips, conveying his interest in both firms to secure certain debts therein mentioned, among them being the debts due Henry Pender, Zilphia Killebrew and Ida L. Bryan, as aforesaid. That said trustees have taken possession of the property so conveyed and have paid off certain of the debts mentioned in said trusts, but whether they have paid off the particular debts referred to above, or whether the trust property will be sufficient for that purpose, the plaintiffs are unable to say, but ask that the said trustees be required to answer fully in respect thereto.

" 8. That the said W. R. Ricks is rapidly disposing of the stock of goods sold him as aforesaid ; he has failed to pay off the notes due by him as aforesaid, although the same are due and payment thereof has been demanded. That he is insolvent, and the said stock of goods, as plaintiffs are informed and believe, is now worth less than the balance due on them as aforesaid.

"9. That D. Pender is wholly insolvent, but the firm of Pender & Cotten is abundantly solvent and able to pay its indebtedness."

Wherefore, the plaintiffs Edward Jenkins & Son pray judgment for the sum of $119.36 and interest against D. Pender & Co.; and all the plaintiffs pray judgment—

" 1. That W. R. Ricks be restrained from paying to Ida L. Bryan, Zilphia Killebrew and Henry Pender the amounts due upon the above described notes.

" 2. That a receiver be appointed of said notes and stock of goods sold to Ricks, to take charge of the goods, sell the same and hold the proceeds until the further order of this Court.

" 3. That as to the sum of $300 paid to Ricks, and the sum of $250 paid to Ida L. Bryan, as above set forth, and as to the amount of the goods of D. Pender & Co. appropriated to the payment of the debts of Pender & Cotten, and as to the amount of the several notes due by Ricks, in the event

McCADDEN v. PENDER.

they are paid to the parties now holding them, these plaintiffs pray to be subrogated to the rights of said creditors of Pender & Cotten against the said firm, that they receive from Bridgers and Philips, trustees, whatever may be coming to them under said trust, and that they have judgment against M. E. Cotten, administratrix, for any deficiency.

" 4. That this cause be referred to some competent person to state such accounts as may be necessary.

" 5. For general relief and costs."

The defendants' demurrer was as follows:

" For a first cause of demurrer, that there is misjoinder, in that the plaintiffs have separate and distinct interests, and sue upon distinct claims, which should not be united in the same action.

" For a second cause of demurrer, that the complaint does not state facts sufficient to constitute a cause of action."

His Honor overruled the demurrer, and defendants appealed.

*Mr. Don. Gilliam*, for plaintiffs.
*Mr. John L. Bridgers*, for defendants (appellants).

PER CURIAM: We are of the opinion that there is no misjoinder, and that a cause of action is stated in the complaint.

We think it best to defer the discussion of the questions argued by counsel until the case shall be tried and the facts more fully developed.

Affirmed.